# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LABEAU/EMERY, Minors.

UNPUBLISHED
April 26, 2018

No. 339339
Wayne Circuit Court
Family Division
LC No. 17-000370-NA

*In re* EMERY, Minors.

No. 339341
Wayne Circuit Court
Family Division
LC No. 17-000373-NA

Before: BORRELLO, P.J., and SHAPIRO and TUKEL, JJ.

PER CURIAM.

In these consolidated appeals, respondent-father appeals as of right the trial court's order terminating his parental rights to the minor children, PRL, AJE, and AJE II in Docket No. 339339, and SMLE and PJRE in Docket No. 339341, pursuant to MCL 712A.19b(3)(b)(*i*) and (3)(j). We affirm.

In an action to terminate parental rights, the petitioner must prove by clear and convincing evidence that at least one statutory ground for termination in MCL 712A.19b(3) exists. *In re Trejo*, 462 Mich 341, 355-356; 612 NW2d 407 (2000), superseded in part on other grounds by statute as stated in *In re Moss*, 301 Mich App 76, 83; 836 NW2d 182 (2013). Once a statutory ground is established, the trial court must terminate a respondent's parental rights if termination is in the best interests of the children. MCL 712A.19b(5); *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). While the existence of a statutory ground must be proven by clear and convincing evidence, only a preponderance of the evidence is needed to prove that termination is in the children's best interests. *In re Moss*, 301 Mich App at 80, 90.

On appeal, respondent does not challenge whether any statutory grounds were proven by clear and convincing evidence. Instead, respondent contends that the trial court's decision terminating respondent's parental rights is not in the best interests of the children. We disagree.

-1-

We review the trial court's findings, including its best-interests findings, for clear error. *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 637; 853 NW2d 459 (2014). A finding is clearly erroneous when the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). "[T]his Court accords deference to the special opportunity of the trial court to judge the credibility of the witnesses." *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005).

The trial court did not clearly err in finding that termination of respondent's parental rights was in the best interests of the children. Respondent admitted to taking pictures of AJE's unclothed body with a focus on her genitals. Respondent also admitted to sending these photos to another person via an app on his phone. In particular, respondent admitted to receiving sexually explicit photos from a minor male showing the minor male sexually assaulting the minor's younger female sibling. Immediately after, respondent replied to the minor male with pictures of his daughter's nude genitals. This behavior constitutes sexual abuse and/or exploitation.

The trial court ordered a Clinic for Child Study evaluation. The evaluation revealed that respondent "does not learn well from his mistakes, has poor insight into his difficulties, and engages in many behaviors that are known to reduce appropriate decision-making even in those individuals without his acknowledged learning disorders, closed head injuries and cognitive deficits." In line with those conclusions, respondent characterized the sexual abuse of AJE as a simple "mistake," did not grasp the seriousness of the trauma suffered by AJE, and stated that he would remedy the situation by no longer having roommates. This evidence indicates that he does not accept responsibility for his abusive conduct and further establishes a likelihood that the children would suffer from injury or abuse in the foreseeable future if placed in respondent's home.

In addition to the abuse suffered by AJE, record evidence shows that two of respondent's other children, a male child, PRL, and a female child, PJRE, had been sexually abused in respondent's home by two of respondent's roommates within the last four years. The record reflects that respondent is incapable of protecting his children from sexual abuse. In fact, respondent seemed indifferent to the fact that his children had suffered sexual abuse either directly at his hand or by others while under his roof. When respondent learned that a minor who was living with respondent had previously raped PRL, respondent did not contact the police for six or seven months. PRL also told investigators at Kid's Talk that respondent showed him pornography on his phone. Evidence established that there was a clear pattern of inappropriate sexual behavior involving respondent's children at his home.

In sum, respondent's admitted sexual abuse of his young daughter, his inability to protect his children from sexual abuse while in his care, and his failure to maintain a safe and stable home for his children support the trial court's finding that termination of his parental rights was in the children's best interests. Contrary to his assertion, respondent has not demonstrated a bond with his children or an ability to provide for his children's physical or emotional needs. Instead, record evidence showed that defendant exposed his children to a dangerous home environment where they were at risk of sexual abuse.

Respondent's primary complaint on appeal is that the trial court erred by failing to consider the children's placement with their respective mothers when making its best-interests determination. Respondent is correct that a trial court must explicitly consider and address a child's placement with "relatives" before terminating parental rights. *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012). However, respondent's argument is misplaced because the definition of "relative" contained in MCL 712A.13a(1)(j) does not include biological mother. *In re Schadler*, 315 Mich App 406, 413; 890 NW2d 676 (2016). Therefore, because the children's biological mothers were not "relatives" for purposes of MCL 712A.19a, the trial court was not required to consider that relative placement. *Id*. On this record, the trial court did not err by finding termination of respondent's parental rights was in the children's best interests.

Also, to the extent that respondent suggests that petitioner failed to offer him services to help him work toward reunification with his children, petitioner "is not required to provide reunification services when termination of parental rights is the agency's goal." *In re HRC*, 286 Mich App 444, 463; 781 NW2d 105 (2009). Because petitioner sought termination of respondent's parental rights at the initial dispositional hearing based on his sexual abuse of his seven-year-old daughter, reunification services were not required.

Affirmed.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Jonathan Tukel

-3-