# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SCHADLER, Minors.

FOR PUBLICATION
May 24, 2016
9:00 a.m.

No. 327977
Berrien Circuit Court
Family Division
LC Nos. 2015-000009-NA;
2015-000010-NA

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court's orders terminating his parental rights to the minor children CS and BS under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or physical or sexual abuse to child or sibling of child), (k)(*ii*) (parent abused child or sibling of child by criminal sexual conduct), and, as to CS alone, (g) (failure to provide proper care or custody). We affirm.

On appeal, respondent challenges the trial court's findings with respect to the statutory grounds for termination and the children's best interests. If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

With respect to MCL 712A.19b(3)(k)(*ii*), termination is proper when "[t]he parent abused the child or a sibling of the child and the abuse included . . . [c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." Here, CS, who was born

-1-

in 2009, consistently reported that respondent penetrated her vagina with his finger. The trial court found that CS's statements were credible and that respondent's explanation was not credible. See *In re HRC*, 286 Mich App at 460 ("It is not for this Court to displace the trial court's credibility determination."). And, contrary to respondent's argument on appeal, the forensic interviewer from the Children's Assessment Center testified that CS indicated that respondent "put his finger all the way in her vagina," and the sexual assault nurse examiner testified that there were multiple findings with respect to CS's vaginal area, which were consistent with digital or penile penetration. These medical findings corroborated CS's statements, and respondent's explanation of the circumstances was not consistent with the statements or the medical findings. The evidence clearly and convincingly established that respondent had digitally penetrated CS, which was an act of criminal sexual conduct involving penetration. Therefore, the trial court did not clearly err in finding that termination was warranted under MCL 712A.19b(3)(k)(*ii*) with respect to CS. The trial court also did not clearly err in finding that this statutory ground was met with respect to BS because he is, indisputably, a sibling of CS. See *In re Hudson*, 294 Mich App at 266 (defining "sibling" as " '[o]ne of two or more individuals having one or both parents in common; a brother or sister' ") (alteration in original; citation omitted).

Nevertheless, respondent argues that "the very absence of criminal charges in the case" refutes the allegations and supports his innocence. However, a parent need not be criminally charged with or convicted of CSC for MCL 712A.19b(3)(k)(*ii*) to apply. Indeed, it is MCL 712A.19b(3)(n)(*i*) that addresses the situation where a parent has actually been convicted of a CSC offense, in which case all that need be shown for purposes of termination is the CSC conviction, along with a best-interests determination; § 19b(3)(k)(*ii*) requires clear and convincing evidence but not CSC charges or a CSC conviction. As explained earlier, there was substantial evidence presented that respondent digitally penetrated CS. Therefore, this argument is without merit. Given the evidence of sexual abuse, we further hold that the trial court did not clearly err in finding grounds for termination under MCL 712A.19b(3)(b)(*i*) and (g) with respect to CS, and because only one ground for termination need be established, we decline to address whether MCL 712A.19b(3)(b)(*i*) supported termination in regard to BS.[1]

With respect to the trial court's best-interests determination, we place our focus on the child rather than the parent. *In re Moss*, 301 Mich App at 87. The trial court may consider such factors as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted).

---

[1] We note that BS entered a plea of admission to a CSC offense committed against CS and that respondent attempted to shift the blame for the accusations made against respondent to his son. There was also evidence that respondent exposed BS, quite openly and extensively, to pornographic magazines and movies, which, according to BS, increased his sexual curiosity and led to the acts against his sister. In sum, there was strong evidence that all of the horrific sexual abuse suffered by CS was either perpetrated directly by respondent or resulted from respondent's pernicious conduct in exposing BS to pornography.

Moreover, a trial court must "explicitly address whether termination is appropriate in light of the children's placement with relatives." *Id*. at 43 (quotation marks and citations omitted).

With respect to CS's best interests, the trial court emphasized respondent's sexual abuse of CS. It reasoned that respondent's behavior demonstrated that he was not committed to meeting CS's needs, which required providing a safe and secure environment in which to grow up. The trial court noted that CS was in relative placement and that there was some evidence of a bond between CS and respondent. However, it reasoned that the abuse was "heinous and resulted in physical injury, as well as emotional injury." Thus, the trial court found that CS could not "thrive and prosper and recover from the trauma she has sustained at the hands of her father if his parental rights remain intact," and it concluded that termination was in CS's best interests. Based on respondent's sexual abuse of CS, it was not clearly erroneous to conclude that termination was in her best interests. Moreover, there was evidence that respondent imposed excessive physical discipline, and CS reported that there was a lot of fighting between her mother and respondent, which frightened her. Given these facts, the trial court did not clearly err in finding that termination of respondent's parental rights was in CS's best interests.

Nevertheless, respondent argues that the trial court failed to give proper weight to CS's relative placement. However, in the trial court's best-interests analysis regarding CS, the trial court explicitly acknowledged that CS was currently in relative placement. The trial court nonetheless determined that termination was in CS's best interests, and, as explained above, this determination was not clearly erroneous. Reversal is unwarranted.

With respect to BS's best interests, his therapist testified that BS was diagnosed with post-traumatic stress disorder (PTSD) and that the source of this trauma was violence and inappropriate parenting by his stepmother and respondent. BS indicated to the therapist that he did not want to be alone with respondent, who administered discipline with a belt and left marks. The trial court acknowledged that BS loved respondent, but it also acknowledged that BS greatly feared his father, that BS witnessed physical violence between his stepmother and respondent, and that BS had "access to pornography, which contributed to his sexual curiosity with his sister." The therapist opined that termination was in BS's best interests. And, the trial court found that the bond between respondent and BS was damaged and that respondent failed to provide a safe and loving environment. Based on the record as a whole and especially on the fact that BS did not want to be alone with respondent, whom he greatly feared to the point he suffered from PTSD, the trial court did not clearly err in finding that termination of respondent's parental rights was in BS's best interests.

Nevertheless, respondent argues that the trial court entirely failed to give any weight to BS's placement with his biological mother. However, the trial court specifically acknowledged the "week on / week off custodial arrangement between the father and mother" in the process of determining that termination was in BS's best interests. Moreover, MCL 712A.13a(1)(j) defines "relative," and biological mother is not included in the definition. See MCL 712A.13a(1)(j). Therefore, because BS's biological mother was not a "relative" for purposes of MCL 712A.19a, the trial court was not required to consider that relative placement. Respondent's argument is misplaced.

Finally, we reject as meritless respondent's generalized argument—containing no citation to authority—that he was not criminally charged and that the system set him up for failure because he refused to admit guilt and because he was not entitled to reunification services considering the nature of the sexual-abuse allegations. As explained *supra*, the evidence clearly and convincingly established that he digitally penetrated CS, which was sufficient to support the grounds for termination. Moreover, the trial court did not clearly err in determining that termination was in CS's and BS's best interests. Therefore, respondent's argument is simply unavailing.

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause