# STATE OF MICHIGAN

# COURT OF APPEALS

In re BALLI, Minors.

UNPUBLISHED
June 15, 2017

No. 336103
St. Joseph Circuit Court
Family Division
LC No. 2016-000069-NA

Before: O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right the circuit court's October 14, 2016 order terminating his parental rights to the minor children pursuant to MCL 712A.19b(3)(g) and (j). We affirm.[1]

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). In this case, the trial court found that petitioner proved MCL 712A.19b(3)(g) by clear and convincing evidence. That statutory ground provides that a circuit court may terminate a parent's parental rights if it finds, by clear and convincing evidence, that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g). The burden of proving this statutory ground is on the petitioner, and we review a circuit court's decision as to whether that burden was satisfied for clear error. *In re Olive/Metts Minors*, 297 Mich App at 40. "A trial court's decision is clearly erroneous '[i]f although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.' " *Id*. at 41, quoting *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989) (alterations by the *In re Olive/Metts Minors* Court).

---

[1] At the outset, we reject respondent's argument that the guardian ad litem's representation of the children in this matter constituted ineffective assistance of counsel. As he recognizes, this Court has previously held that a parent does not have standing to raise such an argument on behalf of the children, *In re EP*, 234 Mich App 582, 597-598; 595 NW2d 167 (1999), overruled on other grounds by *In re Trejo Minors*, 462 Mich 341, 353; 612 NW2d 407 (2000), and we are bound by that decision, MCR 7.215(J)(1).

In this case, respondent argues that petitioner did not prove MCL 712A.19b(3)(g) by clear and convincing evidence. We disagree. The children were removed from respondent's care based on allegations that he had sexually assaulted a 13-year-old girl in the presence of at least one of his children. Respondent was arrested, and a subsequent search of respondent's home resulted in the recovery of a hard drive that contained hundreds of videos and images containing child pornography. According to a police officer, some of the videos and images included adults engaging in sexual acts with children as young as approximately two years old.[2] Defendant was charged with numerous felonies related to the sexual assault and what was found on the hard drive, eventually pled guilty to several counts of possession child sexually abusive material, MCL 750.145c(4), and was sentenced to multiple years in prison. According to the children's therapists, each child was diagnosed with adjustment disorder and anxiety as a result of respondent's actions and incarceration. Both therapists opined that both children suffered emotionally and mentally as a result of respondent's actions and incarceration, that both children's well-being had significantly improved since they were removed from his care, that it was likely that the children would regress in the event that they were returned to respondent's care, and that both children needed permanency at this point in their lives. We agree with the circuit court that this evidence reflects that respondent failed to provide proper care and custody for the children and that there was no reasonable expectation that he would be able to do so within a reasonable time considering the child's age. Therefore, the circuit court's conclusion with respect to MCL 712A.19b(3)(g) was not clearly erroneous.[3]

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child[ren]'s best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App at 40; see also MCL 712A.19b(5). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. at 41-42 (citations omitted). Additionally, "the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *Id*. at 43, citing *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id*., citing *Mason*, 486 Mich at 163-165; *In re Mays*, 490 Mich 993, 994; 807 NW2d 307 (2012).

---

[2] Additionally, the children's biological mother testified that she had previously contacted law enforcement based on concerns about respondent frequently viewing child pornography as well as contacting minor children for inappropriate reasons on the internet. According to the mother, she observed respondent viewing child pornography as early as 2003. It does not appear that anything ever came of the mother's original contact with law enforcement; however, this information was also included in the petition in this matter.

[3] In light of this conclusion, we need not address the circuit court's conclusion with respect to MCL 712A.19b(3)(j). See *In re Laster*, 303 Mich App 485, 495; 845 NW2d 540 (2013).

In this case, respondent argues that reversal is required because the circuit court did not explicitly consider the fact that the children were placed in relative placement when analyzing the children's best interests. We disagree. While it is true that the circuit court did not explicitly reference the fact that the children were placed with their biological mother when determining whether termination was in the children's best interests, respondent's argument fails to acknowledge this Court's decision in *In re Schadler*, 315 Mich App 406, 412-413; 890 NW2d 676 (2016), where this Court held that a child's biological mother is not a "relative" for purposes of MCL 712A.13a(1)(j).[4] We are bound by that decision. MCR 7.215(J)(1).[5] Furthermore, while respondent does not challenge the circuit court's best-interests determination on any other grounds, we would note that the record supports the circuit court's determination for similar reasons as those discussed with respect to MCL 712A.19b(3)(g). Therefore, the circuit court's conclusion with respect to the children's best interests was not clearly erroneous.

---

[4] This Court explained, in full, as follows:

> Nevertheless, respondent argues that the trial court entirely failed to give any weight to [the child]'s placement with his biological mother. However, the trial court specifically acknowledged the "week on / week off custodial arrangement between the father and mother" in the process of determining that termination was in [the child]'s best interests. Moreover, MCL 712A.13a(1)(j) defines "relative," and biological mother is not included in the definition. See MCL 712A.13a(1)(j). Therefore, because [the child]'s mother was not a "relative" for purposes of MCL 712A.19a, the trial court was not required to consider that relative placement. Respondent's argument is misplaced. [*In re Schadler*, 315 Mich App at 412-413.]

[5] We acknowledge that concluding that a child's mother is not his or her relative is somewhat counterintuitive. However, such a conclusion does appear consistent with the plain and ordinary meaning of the statutory language at issue, which provides, in relevant part, as follows:

> "Relative" means an individual who is at least 18 years of age and related to the child by blood, marriage, or adoption, as grandparent, great-grandparent, great-great-grandparent, aunt or uncle, great-aunt or great-uncle, great-great-aunt or great-great-uncle, sibling, stepsibling, nephew or niece, first cousin or first cousin once removed, and the spouse of any of the above, even after the marriage has ended by death or divorce. A stepparent, ex-stepparent, or the parent who shares custody of a half-sibling shall be considered a relative for the purpose of placement. . . . [MCL 712A.13a(1)(j).]

As our Supreme Court has explained, "[w]hen statutory language is as clear as it is here, it is outside our province to second-guess the Legislature . . . ." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 579; 702 NW2d 539 (2005), quoting *Lewis v DAIIE*, 426 Mich 93, 107-108; 393 NW2d 167 (1986). In any event, we are bound by *In re Schadler*, 315 Mich App at 412-413. MCR 7.215(J)(1).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra