# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
October 18, 2018

*In re* SIRBAUGH, Minors.

Nos. 342367; 342369
Oakland Circuit Court
Family Division
LC No. 2016-839704-NA

Before: SHAPIRO, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

In these consolidated appeals, respondents appeal as of right the trial court's order terminating their parental rights to their three minor children under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care), and (j) (risk of harm if returned to the parent). We affirm.

## I. FACTS

The children in this case were ages 11, 12, and 13 years old at the time of the trial court's termination order in November 2017. They were removed from respondents' care almost two years earlier, in January 2016, because respondent-father committed domestic violence against the children, and respondent-mother then permitted respondent-father to remain in the home despite a no-contact order issued by the criminal trial court prohibiting his contact with the children. Respondents' involvement with child protective services, however, extends back to 2005 when one of the children tested positive for marijuana at birth. In the following years, child protective services investigated both respondents 14 times. At the time the children were removed from the home in 2016, they were suffering from emotional and psychiatric problems, and exhibited various behavioral problems.

After respondent-father was incarcerated as a result of his domestic violence toward the children in 2016, the children were returned to respondent-mother's care in March 2016. Soon after, however, in May 2016, respondent-mother committed domestic violence against the children while under the influence of alcohol, punching one of the children and choking another of the children. The children were again removed from the home. Respondent-mother was placed on criminal probation, which included mandatory alcohol and drug screens. The trial court in this case ordered that respondents participate in and benefit from the parent-agency treatment plan, including substance abuse testing and treatment.

-1-

During nearly two years of services aimed at reunifying respondents with their children, respondents were never able to demonstrate that they had complied with, and also benefitted from, services. Respondent-father failed to participate in any drug screen except one; the result of that one drug screen was positive for cocaine. After the children were removed from her care, respondent-mother was sentenced to probation on the criminal charges involving her assault on her children. While on probation, she tested positive for alcohol, which was a violation of her probation as well as the parent agency agreement, resulting in her incarceration. Finding that neither respondent had been able to demonstrate an extended period of sobriety, and that neither respondent understood their substance abuse or the effect of their substance abuse on the three children, the trial court found that the statutory grounds for termination of respondents' parental rights had been established, and further found that termination was in the best interests of the children.

## II. ANALYSIS

On appeal, respondents first argue that the trial court clearly erred in finding that statutory grounds for termination of their parental rights were proven by clear and convincing evidence. We disagree.

To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination under MCL 712A.19(b)(3) has been established by clear and convincing evidence. MCL 712A.19b(3); *In re Laster*, 303 Mich App 485, 491; 845 NW2d 540 (2013). We review the trial court's determination that a statutory ground for termination has been established, as well as its ruling that termination is in a child's best interests, for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). "A finding is 'clearly erroneous' if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (some quotation marks, citation, and alterations omitted).

In this case, the trial court terminated respondents' parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j), which provide:[1][2]

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial

---

[1] MCL 712A.19b was amended by 2018 PA 58, which became effective June 12, 2018. The quoted statutory language was in effect at the times relevant to this case.

[2] Respondents argue on appeal that the trial court also terminated their parental rights under MCL 712A.19b(3)(b)(*i*). Our review of the record indicates, however, that the trial court terminated respondents' parental rights only under MCL 712A.19b(3)(c)(*i*), (g), and (j).

dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> \* \* \*

> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

> \* \* \*

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The statutory ground for termination under subsection (c)(*i*) is established when the conditions that led to adjudication continue to exist "despite time to make changes and the opportunity to take advantage of a variety of services." *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014) (quotation marks and citation omitted). A parent's failure to participate in and benefit from a treatment plan is evidence that the parent will not be able to provide proper care and custody of the children and that there would be a risk of harm to the children if they were returned to the parent's care. *Id.* at 710-711. Additionally, "[a] lack of cooperation with reunification services, or other court-ordered conditions, can bear on a termination decision, if that lack of cooperation relates to issues of abuse or neglect." *In re LaFrance*, 306 Mich App 713, 729; 858 NW2d 143 (2014).

Here, the evidence demonstrated that respondent-father was using cocaine when the children were first removed from his care, and that he continued to use cocaine throughout the case. He did not participate in substance abuse treatment services to which he was referred, and failed to comply with drug testing. The evidence demonstrated that he failed to benefit from the services in which he did participate, such as parenting classes. In fact, the trial court noted that respondent-father did not even sign up for recommended services through Easter Seals until the day before the best interests hearing. Respondent-father acknowledged that he was continuing to use alcohol, marijuana, and cocaine. In addition, respondent-father's psychological evaluation revealed a lack of insight into parenting skills and that he was unprepared to assume the responsibilities of parenting his children. Thus, the conditions that led to adjudication with regard to respondent-father continued to exist at the time of termination.

Similarly, the conditions that led to adjudication with regard to respondent-mother continued to exist at the time of termination. The children were removed from her care after she assaulted the children while she was under the influence of alcohol. Despite participating in multiple substance abuse treatment services, and despite being on probation for criminal charges

arising from her assault of the children, she continued to use alcohol in violation of her probation and her treatment plan in this case. At the termination hearing, respondent-mother testified that she did not have a problem with alcohol and that she had overcome any problems that she did have, even though she recently had been incarcerated for violating her probation on the criminal charges by consuming alcohol. The evidence demonstrated that respondent-mother failed to benefit from her treatment plan, and similarly her psychological evaluation revealed a lack of insight into parenting skills and how her behavior affected her children. Thus, the trial court did not clearly err in finding that the conditions that led to adjudication continued to exist.

This evidence further supports the trial court's findings that termination was also warranted under subsection (g) in that respondents failed to provide proper care and custody for the children and there was no reasonable expectation that they would be able to do so within a reasonable time considering the children's ages. Similarly, the evidence supports the trial court's findings that termination was also warranted under subsection (j) because, based upon respondents' past treatment of the children and their failure to comply with the treatment plan, there is a reasonable likelihood, based on the conduct or capacity of the respondents, that the children will be harmed if they are returned to respondents' care. Accordingly, we hold that the trial court did not clearly err in finding that MCL 712A.19b(3)(c)(*i*), (g), and (j) were proven by clear and convincing evidence for both respondents.

Respondents next contend that the trial court clearly erred in finding that termination of their parental rights was in the best interests of the children. Again, we disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012), citing MCL 712A.19b(5); MCR 3.977(E)(4). "The trial court must find by a preponderance of the evidence that termination is in the best interests of a child." *In re Jones*, 316 Mich App 110, 119; 894 NW2d 54 (2016). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

"In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home[.]" *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption," *In re White*, 303 Mich App at 714, and the likelihood that the children could be returned to the parents' home within the foreseeable future, if at all. *In re Jones*, 316 Mich App at 120.

In this case, the trial court recognized the difficulty of the decision considering the children's ages and their bond with respondents, but determined that these concerns were outweighed by the children's need for safety and stability. The trial court considered respondents' continuing substance addictions and their lack of insight into the effect of their

substance abuse on the children, emphasizing that respondents' substance abuse resulted in each respondent physically assaulting the children. The trial court further found that the children needed stability, especially considering the special needs of the children. We conclude that the trial court considered the appropriate best interests factors in making its determination, and did not clearly err in finding that termination of respondents' parental rights was in the best interests of the children.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Deborah A. Servitto
/s/ Michael F. Gadola