*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re G. S. VANPOELVOORDE, Minor.

UNPUBLISHED
April 11, 2019

No. 345561
Oakland Circuit Court
Family Division
LC No. 18-862604-NA

In re L. T. BLUMBERG, Minor.

No. 345565
Oakland Circuit Court
Family Division
LC No. 18-862603-NA

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In these consolidated appeals, the trial court entered separate orders terminating respondent-father's parental rights to his children, GSV and LTB, pursuant to MCL 712A.19b(3)(g) and (j). Respondent now appeals as of right, challenging the trial court's determination that termination of his parental rights was in each child's best interests. We affirm.[1]

## I. BASIC FACTS

Petitioner, the Department of Health and Human Services, filed a petition in April 2018, requesting court jurisdiction over the children and termination of respondent's parental rights after respondent was charged with first-degree child abuse and assault with intent to commit

---

[1] The children have different biological mothers. The children remained in the custody of their mothers, who are not parties to these appeals.

murder for his actions against another five-month old child left in his care. Respondent admitted to the police that he intentionally tried to kill the child, first by choking him and then by removing the child's helmet and intentionally falling on top of the child, because he wanted to spend more time with the child's mother. The child's injuries included a subdural hemorrhage with a subarachnoid hemorrhage to his temple that resulted in brain bleeding, a subconjunctival hemorrhage to his eyes, a laceration to his liver, and broken ribs. The petition also alleged that respondent is a registered sex offender, with previous convictions in 2016 for two counts of fourth-degree criminal sexual conduct (CSC) and one count of child sexually abusive material for exchanging sexually explicit photographs with a 14-year-old girl.

Respondent pleaded no-contest to the allegations in the petition for purposes of establishing the trial court's jurisdiction and the existence of statutory grounds for termination under MCL 712A.19b(3)(g) and (j). Following a best-interest hearing, the trial court found that termination of respondent's parental rights was in the best interests of both GSV and LTB.

## II. ANALYSIS

Respondent argues that the trial court erred by finding that termination of his parental rights was in the children's best interests. We disagree.

After statutory grounds for termination have been established under MCL 712A.19b(3), a court may terminate parental rights if it finds by a preponderance of the evidence that termination is in the best interests of a child. *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009); *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). This Court reviews for clear error the trial court's ruling that termination is in a child's best interests. *In re Olive/Metts*, 297 Mich App at 40. "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re LaFrance*, 306 Mich App 713, 723; 858 NW2d 143 (2014). In applying the clear error standard, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

The best-interest analysis focuses on the child rather than the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). In making a best-interest determination, the trial court is to consider the whole record and "weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The court may consider a variety of factors such as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42. The court may also consider the parent's visitation history with the child and the child's well-being while in care. *In re White*, 303 Mich App at 714. Under the doctrine of anticipatory neglect, "[h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re LaFrance*, 306 Mich App at 730.

In this case, the trial court considered all of the evidence and concluded that respondent's parental rights should be terminated because of his inconsistent involvement in the lives of either child and the lack of a significant bond with either child,[2] his failure to provide consistent support for either child, and his inability to provide either child with the permanency, stability, or finality needed. The court found that respondent's failure to support the children and failure to participate in consistent parenting time with the children showed that he was unable to follow through with basic parenting tasks. The court also considered respondent's criminal history of sexual offenses involving a child victim, his pending charges of assault with intent to commit murder and first-degree child abuse for his actions against a child left in his care, and his admission to trying to kill the child. The court concluded that respondent's abuse of the child was probative of the risk of harm that he presented to GSV and LTB.[3] With respect to GSV, the court additionally expressed concern that she is a seven-year-old girl, and that respondent had been convicted of two counts of fourth-degree CSC involving a 14-year-old girl. The court also considered that GSV and LTB were living in appropriate home environments with their respective mothers. The trial court's findings support its overall determination that termination of respondent's parental rights was in the children's best interests. *In re Olive/Metts*, 297 Mich App at 41-42.

Contrary to what respondent argues, the children's placements with their mothers did not constitute placement with a relative that the trial court was required to consider under *In re Mason*, 486 Mich 142; 782 NW2d 747 (2010). As explained in *In re Schadler*, 315 Mich App at 413, a biological mother is not a "relative" as defined in MCL 712A.13a(1)(j), and, therefore, a court is not required to consider such a placement when evaluating a child's best interests. In any event, the trial court did, in fact, address the fact that the children were placed with their respective mothers and noted that, even though *In re Mason* is inapplicable when a child is in the care of his or her parent, termination was in each child's best interests because of "the allegations and the confessions the father made, his previous CSC charge and his lack of parenting time and bond." The trial court did not clearly err by finding that termination of respondent's parental rights was in the best interests of each child.

Affirmed.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

---

[2] Respondent asserts that no professional testimony was presented with respect to GSV's "mental well-being" and her bond with respondent. He provides no authority to support his assertion that professional testimony is required. The trial court's finding is supported by the testimony of a Children's Protective Services worker and GSV's mother's about GSV's lack of a relationship with respondent and GSV's well-being in the care of her mother.

[3] Respondent asserts that the trial court refused to adjourn this matter pending his criminal trial. However, his attorney specifically stated that she was not asking to delay the child protective proceedings.