*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. L. WASHINGTON, Minor.

UNPUBLISHED
August 15, 2019

No. 347531
Wayne Circuit Court
Family Division
LC No. 15-520453-NA

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to minor child KLW, under MCL 712A.19b(3)(g) (parent fails to provide proper care or custody), (i) (parent's parental rights to a sibling of the child were terminated), and (j) (reasonable likelihood that the child will be harmed if returned to parent). We affirm.

## I. BACKGROUND

KLW was born on May 15, 2018. Prior to KLW's birth, respondent's parental rights had been terminated for three children, two following a fully contested termination case on April 3, 2018, and another child voluntarily on November 13, 2017. Regarding the previous contested case, respondent appealed and this Court affirmed the termination of her parental rights to those two children. *In re Pigram-Davison/Edwards*, unpublished per curiam opinion of the Court of Appeals, issued December 13, 2018 (Docket Nos. 343914; 343915). In the earlier appeal, respondent argued that "DHHS did not engage in reasonable efforts to reunify her with the children because it failed to provide her with services to address her cognitive disabilities." *Id*. at 4. This Court concluded that "the trial court did not clearly err when it found that DHHS had engaged in reasonable efforts to reunify respondent-mother with the children because DHHS provided services tailored to address respondent-mother's specific disabilities and gave respondent-mother time to benefit from those services." *Id*.

After respondent gave birth to KLW, the Department of Health and Human Services (DHHS) petitioned for the termination of respondent's parental rights to KLW because of respondent's failure to complete and benefit from services rendered through a parent agency treatment plan offered during respondent's earlier termination proceeding. During the preliminary hearing in this case, when the trial court authorized the petition, respondent had an

-1-

outburst, where she threw her cellular telephone at the assistant attorney general, the court microphone at the court reporter, and a chair to the floor, in addition to "spew[ing] profanities as she exited the courtroom."

At the adjudicatory hearing, the trial court concluded that termination was warranted under MCL 712A.19b(3)(g), (i), and (j) because of respondent's failure to benefit from the past services, the prior termination of her parental rights to her other children, and a reasonable likelihood that KLW would be harmed if returned to her care. At the dispositional hearing, the trial court concluded that termination of respondent's parental rights served KLW's best interests because respondent had not benefited from any of the services and "even short contact between mom and the child [was] probably a real bad thing . . . ."

## II. STATUTORY GROUNDS

Respondent argues that the trial court clearly erred in determining that clear and convincing evidence established statutory grounds for termination. We disagree.

We review "for clear error a trial court's factual findings as well as its ultimate determination that a statutory ground for termination of parental rights has been proved by clear and convincing evidence." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (citation omitted). A trial court's factual finding "is clearly erroneous if, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id.* (citation and alteration omitted).

To terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). If this Court concludes that the trial court did not clearly err by finding one statutory ground for termination, this Court does not need to address the additional grounds. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

Respondent's parental rights were terminated under MCL 712A.19b(3)(g), (i), and (j), which provide:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable

expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[1]

* * *

(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.[2]

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

In this case, the record reflects that clear and convincing evidence supported termination of respondent's parental rights under MCL 712A.19b(3)(g). During respondent's previous termination proceeding, petitioner offered services to respondent to improve her parenting abilities, including "coaching in how to provide emotional support, physical support, discipline[,] and boundaries." Respondent showed no improvement in her parenting abilities despite the provision of services. A respondent's failure to benefit from services constitutes evidence that respondent will not be able to provide proper care or custody of her child. *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014).

The record indicates that respondent acknowledged during this case that she did not benefit from the previous services and she asserted that she would not participate in any additional services. The record does indicate respondent was making progress toward financial stability and a capacity to provide KLW with at least basic necessities. However, respondent's failure to benefit from past services and her unwillingness to participate in further services designed to improve her parenting abilities constituted sufficient evidence that respondent could not provide proper care of KLW despite having the financial ability to do so. Accordingly, clear and convincing evidence supported termination of respondent's parental rights to KLW under MCL 712A.19b(3)(g). Therefore, the trial court did not clearly err when it found that the evidence supported terminating respondent's parental rights under MCL 712A.19b(3)(g). Because the trial court correctly found that clear and convincing evidence established the existence of a statutory ground for termination, we decline to consider the other statutory grounds.

---

[1] MCL 712A.19b(3)(g) was amended by 2018 PA 58, effective June 12, 2018. The previous language of that statutory section provided: "The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

[2] MCL 712A.19b(3)(i) was amended by 2018 PA 58, effective June 12, 2018. The previous language of that statutory section provided: "Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful."

Respondent asserts that the services offered to her during the previous termination proceeding were insufficient because they did not account for her diminished mental abilities. Respondent, however, is collaterally estopped from raising this issue again because this Court previously ruled against her on this same issue. Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined. *People v Gates*, 434 Mich 146, 155; 452 NW2d 627 (1990). In respondent's earlier appeal this Court specifically considered the adequacy of the services provided to her. This Court concluded

> that the trial court did not clearly err when it found that DHHS had engaged in reasonable efforts to reunify respondent-mother with the children because DHHS provided services tailored to address respondent-mother's specific disabilities and gave respondent-mother time to benefit from those services. [*In re Pigram-Davison/Edwards*, unpub op at 4.]

Therefore, respondent is estopped from raising this issue again. Further, because petitioner sought termination of respondent's parental rights at the outset of this proceeding and not reunification, petitioner had no obligation to offer her services. MCR 3.911(E)(1); *In re HRC*, 286 Mich App 444, 463; 781 NW2d 105 (2009). Accordingly, respondent's claim of error lacks merit.

## III. BEST INTERESTS

Respondent argues that the trial court clearly erred by determining that termination served KLW's best interests because KLW was placed with her father which weighed against termination. We disagree.

After a trial court finds by clear and convincing evidence that a statutory ground exists for termination, it must determine whether a preponderance of the evidence establishes that termination of the respondent's parental rights serves the child's best interests, and if so, the trial court must terminate the respondent's parental rights to the child. MCL 712A.19b(3) and (5); *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). We review for clear error the trial court's best interests decision. *Id*. A trial court's decision was clearly erroneous if we are left with the definite and firm conviction that it made a mistake. *In re Mason*, 486 Mich at 152.

For its best-interest determination, the trial court must "focus on the child rather than the parent." *In re Schadler*, 315 Mich App at 411. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the child[]'s well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

In this case, the record reflects that respondent admitted that she lacked a bond with KLW. Respondent also failed previously to comply with her service plan in the termination

proceeding involving her other two children and she failed to rectify the barriers that brought them into care. Respondent failed to benefit from the services made available to her previously and never developed the necessary abilities to enable her to parent KLW. Further, respondent continued to have mental health problems which she continued to minimize. The record lacks any evidence that respondent would be able to provide KLW proper care and custody and she continued to present a danger to KLW's safety. The record also indicates that KLW needed permanency, stability and finality. KLW had been placed with her legal father who provided her good care. A preponderance of the evidence established that termination of respondent's parental rights served KLW's best interests.

Respondent argues that the trial court erred by not ruling that KLW's placement with her father weighed against termination. The record reflects that the trial court considered KLW's placement with her father and found his conduct with KLW commendable. Even if we were to conclude that this weighed against termination, the other applicable best-interest factors all favored termination. Accordingly, the trial court did not err by determining that termination of respondent's parental rights served KLW's best interests.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel
/s/ James Robert Redford