*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re WATSON, Minors.

UNPUBLISHED
February 17, 2022

No. 355325
Oakland Circuit Court
Family Division
LC No. 16-843969-NA

Before: MURRAY, C.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to the minor children, BRW and ARW, under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist). Respondent challenges the trial court's findings regarding the statutory ground for termination and whether the termination was in the children's best interests. Respondent also disputes the referee's denial of her motion for rehearing. We affirm.

BRW first came into care in July 2016 after an incident of domestic violence that occurred in her presence and because respondent tested positive for several drugs, including cocaine. ARW was also removed from respondent's care several months after her birth in June 2017. The primary barrier to reunification throughout the case was respondent's drug addiction. Respondent habitually missed random drug screens, sporadically tested positive for cocaine, and had inconsistent compliance with services designed to help respondent overcome her substance abuse problem. On the other hand, she was otherwise compliant with her parent-agency treatment plan. She was employed throughout most of the proceedings, maintained appropriate housing, completed domestic violence and parenting classes, demonstrated strong parenting skills, and visited the children at every opportunity. After the case had been pending for 3½ years, the trial court found one statutory ground for terminating respondent's parental rights: MCL 712A.19b(3)(c)(*i*). Several months later, the court terminated respondent's parental rights after finding that outcome would be in the children's best interests.

Respondent argues that the trial court erred by finding that termination of her parental rights was warranted under MCL 712A.19b(3)(c)(*i*).

"This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709;

846 NW2d 61 (2014). "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re LaFrance Minors*, 306 Mich App 713, 723; 858 NW2d 143 (2014).

Before terminating a respondent's parental rights, the trial court must find by clear and convincing evidence that at least one statutory ground for termination exists. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). The trial court found that termination was warranted under MCL 712A.19b(3)(c)(*i*), which permits termination of parental rights if:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds . . .

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Upon review of the record and trial court opinion, we hold that the trial court did not err in finding that the grounds for termination set forth in MCL 712A.19b(3)(c)(*i*) were met. The record evidence clearly shows that respondent had been before the trial court for at least 182 days since entry of the initial dispositional order and that substance abuse was one of the conditions that led to the adjudication. Equally clear from the record was the court's determination that respondent's substance abuse issue continued to exist more than three years since the adjudication occurred, despite many services being provided to respondent. These findings were supported by clear and convincing evidence, and thus the trial court did not err in reaching that conclusion.

Respondent argues that *LaFrance*, 306 Mich App 713, requires a different conclusion. We cannot agree. In that case, the respondents' four children came into care after the youngest child was hospitalized for severe dehydration and resulting in acute kidney failure; imaging studies also revealed suspicious subdural hematomas. *Id*. at 716-717. There was also evidence of inappropriate substance use by both respondents. *Id*. at 715, 718-719. An adjudication occurred with respect to the respondent-father based on his plea, but there was no separate adjudication as to the respondent-mother, and that failure was not challenged on appeal. *Id*. at 720 & n 4. Despite participating with some services, the respondents were noncompliant with other services, especially drug testing, services geared toward resolving their substance abuse, and educational services regarding appropriate care for their youngest child's special medical needs. *Id*. at 720-721. However, "the evidence consistently indicated that when respondents had parenting time with the children it went very well, that respondents behaved appropriately and showed no signs of drug-induced impairment, and that it was apparent that strong bonds existed between respondents and the three older children, who ardently wished to be reunited with their parents." *Id*. at 721.

On appeal, this Court agreed with the trial court's conclusion that termination of the respondent's parental rights was appropriate under MCL 712A.19b(3)(c)(*i*) and (j) with respect to the youngest child but held that the trial court erred by extending its reasoning to the three older children. *Id*. at 726. The trial court relied on the anticipatory neglect doctrine, "according to which '[h]ow a parent treats one child is certainly probative of how that parent may treat other children.' "

*Id*. at 730 (citation omitted; alteration in original). This Court rejected the trial court's reliance on anticipatory neglect because there was no evidence that the three older children had ever been abused or neglected, and those children did not present the same special needs or medical vulnerabilities that the respondents were unprepared to accommodate. *Id*. at 730-731. Concerning the respondent's substance abuse, this Court stated that "drug use alone, in the absence of any connection to abuse or neglect, cannot justify termination solely through operation of the doctrine of anticipatory neglect." *Id*. at 731.

Here, respondent's unshakable substance abuse was not the sole factor in the termination decision. It is true that by the time the trial court heard evidence regarding the statutory grounds alleged in the second supplemental petition, respondent had completed domestic violence and parenting classes, and the focus of the hearings was entirely on respondent's struggle with substance abuse. However, in addition to respondent's substance abuse, the court specifically referenced respondent's emotional instability and inability to put the children first when terminating respondent's parental rights. The combination of uncontrollable, prolonged substance abuse and emotional instability caused the court to conclude that respondent would not place the children first. Indeed, as the court noted, respondent herself had previously agreed to a guardianship for her older children in recognition of her inability to provide for those children, and the guardianship was still in place.

That respondent successfully engaged in parenting time and had a strong bond with the children does not require reversal of the trial court's findings on termination. For one, the parenting time—though successful—was not overnight and was mostly supervised. Two, evidence that respondent could not place the children, and her relationship with them, above her substance abuse supports the trial court's finding that respondent could not place the children's needs above her own addictions. Thus, this case is not controlled by *LaFrance*.

Respondent also challenges the trial court's finding that termination was not in the children's best interests. Before a trial court can terminate parental rights, it must find by a preponderance of the evidence that termination is in the child's best interests. *In re Keillor*, 325 Mich App 80, 93; 932 NW2d 617 (2018). At the best-interest stage, the trial court's focus must be on the child rather than the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). The respondent's visitation history and compliance with his or her case service plan are also relevant considerations. *White*, 303 Mich App at 714. A trial court must consider a child's placement with a relative caregiver, which weighs against termination. *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015).

The trial court found that several factors weighed against termination, including respondent's positive parenting skills, her undeniably strong bond with the children, steady housing and employment, and the children's relative placement with their paternal grandmother. Despite these favorable considerations, the trial court concluded that termination of respondent's parental rights was in the children's best interests because of their need for permanency. At the time of the trial court's October 2020 decision, BRW had been in care since July 2016, and ARW

had been in care since November 2017. Both girls were less than one year old at the time of their removal, such that the only living arrangement they knew was their placement with their paternal grandmother. Evidence showed that the instability of the situation was beginning to wear on BRW in particular, who would get upset at the end of respondent's visits. Given the extraordinary length of this case, we are not left with a definite and firm conviction that the trial court erred by finding that termination was in the children's best interests.

Finally, petitioner and the guardian ad litem argue that the trial court lacked jurisdiction to decide respondent's November 10, 2020 motion for rehearing because it was filed after respondent's claim of appeal. "In general, once a claim of appeal is filed with this Court, the trial court may not amend the judgment appealed from except pursuant to an order of this Court, by stipulation of the parties, or as otherwise provided by law." *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 542; 730 NW2d 481 (2007), amended in part on other grounds 480 Mich 910 (2007), citing MCR 7.208(A). "Indeed, the filing of a claim of appeal typically divests the circuit court of its jurisdiction to amend its final orders and judgments." *Ypsilanti Fire Marshal*, 273 Mich App at 542. Because respondent's motion for rehearing asked the trial court to alter the order appealed, the trial court lacked jurisdiction to address the motion during the pendency of this appeal. *Id.*[1] Affirmed..

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

[1] In any event, because the referee's decision was well reasoned and fully supported by the record, the referee did not abuse its discretion by denying respondent's motion for rehearing.