*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re JOLLY, Minors.

UNPUBLISHED
October 27, 2022

No. 360343
Otsego Circuit Court
Family Division
LC No. 21-000042-NA

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Respondent-father appeals[1] the trial court's order of adjudication by which it assumed jurisdiction over his two minor children. We affirm.

On or about July 15, 2021, respondent-father placed the children, then ages four and six, in the care of a cousin in Otsego County and returned to Livonia. The children's mother[2] resides in West Virginia. Neither parent executed a power of attorney or established a guardianship for the children with the cousin, leaving the cousin unable to authorize medical care for the children. In late August 2021, Child Protective Services (CPS) became involved because the cousin caring for the children was not able to authorize medical care for the children or enroll them in school. Upon investigating, CPS discovered that the children appeared malnourished and were at the bottom of the growth chart for their ages, and one of the children had a tooth that appeared to be rotting. The cousin caring for the children reported that she did not have consistent contact with respondent-father, which respondent-father later confirmed. The trial court ordered the removal of the children from respondent-father's care. Following a bench trial, the court assumed jurisdiction under MCL 712A.2(b)(1), finding that respondent-father had not provided the children

---

[1] Respondent-father claimed an appeal from the trial court's adjudication order, which is not an order appealable as of right. See MCR 3.993(A). In the interest of judicial economy, we exercise our discretion to treat respondent-father's claim of appeal as a delayed application for leave to appeal, grant leave, and address the issue presented in his brief on appeal. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

[2] The children's mother consented to jurisdiction through a plea and is not a party to this appeal.

with proper care and custody by placing the children with a caregiver for an extended time without providing the caregiver authorization to seek medical care for the children and without consistently contacting the children's caregiver. This appeal followed.

On appeal, respondent-father contends that the trial court erred by finding that petitioner, the Department of Health and Human Services, established a basis to support the trial court assuming jurisdiction. We review for clear error the trial court's decision to exercise jurisdiction. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). A finding is clearly erroneous if a review of the record leaves this Court with a firm and definite conviction that a mistake was made. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). We review the application of a statute de novo. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019).

The adjudication phase of a child protective proceeding determines "whether the trial court can exercise jurisdiction over the child (and the respondents-parents) under MCL 712A.2(b) so that it can enter dispositional orders, including an order terminating parental rights." *In re Ferranti*, 504 Mich at 15. For the trial court to exercise jurisdiction over a minor child, the petitioner must establish by a preponderance of the evidence a statutory basis for jurisdiction alleged in the petition. *Id*. MCL 712A.2(b) provides, in relevant part, that the trial court has the following authority and jurisdiction:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. As used in this sub-subdivision:
>
> * * *
>
> (C) "Without proper custody or guardianship" does not mean a parent has placed the juvenile with another person who is legally responsible for the care and maintenance of the juvenile and who is able to and does provide the juvenile with proper care and maintenance.

In this case, the court did not err by assuming jurisdiction under MCL 712A.2(b)(1). The record supports the trial court's finding that respondent-father did not provide the children with proper care and custody. Sufficient evidence established that he placed the children with a relative for an extended time without providing the relative authorization to seek medical care for the children and without consistently contacting the relative, thus leaving the children without proper custody or guardianship. The trial court therefore did not err in finding that a statutory basis existed to exercise jurisdiction over the minor children in this case.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael F. Gadola
/s/ Christopher P. Yates