*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re M. M. MATTHEWS, Minor.

UNPUBLISHED
March 2, 2023

No. 361786
Wayne Circuit Court
Family Division
LC No. 2013-514179-NA

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Children's Protective Services temporarily removed the child from respondent's care after it was alleged that respondent could not provide a suitable home for the child. The child also tested positive for opiates when she was born, and respondent tested positive for cocaine and heroin use. The trial court terminated respondent's parental rights to the child, and respondent now appeals that the termination was not in the best interest of the child. We affirm.

The Department of Health and Human Services (DHHS) provided a parenting treatment plan for respondent that included completing parenting classes, engaging with individual therapy for substance abuse, participating in psychological and psychiatric evaluations, performing weekly drug screenings, maintaining a stable income and suitable housing, and attending Alcoholics/Narcotics Anonymous meetings. Over the two-year pendency of this case, DHHS referred respondent to several programs to help him complete his parenting treatment plan. This included referrals to several programs, as well as bus cards and ride-sharing cards to help him travel to the referred programs. Nevertheless, respondent did not consistently complete his weekly drugs screens, and he did not consistently attend the other referred services except for the parenting classes which he was able to successfully complete.

Additionally, respondent was offered 138 parenting-time visits with the child and he missed 83 of those visits. In the parenting-time visits that he did attend, it was reported that respondent did not form a bond with the child and that the child recognized her maternal grandmother as the parent because the child had been placed with her maternal grandmother and her four siblings during the pendency of the case.

The trial court found that there was clear and convincing evidence to support termination of respondent's parental rights under MCL 712a.19b(3)(c)(*i*), (g), and (j). Additionally, the trial court found that termination was in the best interests of the child:

> And then on the best interest issue, yes the child is with a relative, and I consider that, and normally, that does weigh against termination, but we don't have parents who are very actively involved in the child's life. The testimony was that less than 50 percent of the time the parent were visiting and the child doesn't recognize them as her parents. I believe at one time there was testimony that she called them by their first name. She calls mother, the person she recognizes as her mother is [the maternal grandmother]. [The maternal grandmother] has already adopted I believe it was four or five siblings. They have been raised in her home. She for all intents and purposes has taken on the role of mother for this child and her actual biological parents have failed to do so.

> So under these particular circumstances, I find that it would be in the child's best interest to terminate all parental rights. My recommendation is that the child is committed to MCI for adoption, planning and placement.

Respondent now appeals, arguing that the termination of his parental rights was not in the best interest of the child.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's ruling regarding best interests is reviewed for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Moss*, 301 Mich App at 80.

Respondent first argues that the trial court erred because it did not consider a guardianship for the child since the child was placed with a relative, and he relies on our Supreme Court's order in *In re Affleck/Kutzleb/Simpson*, 505 Mich 858; 935 NW2d 316 (2019) in which our Supreme Court stated:

> Petitioner did not consider recommending a guardianship for [the children] with respondent's mother because of a purported *departmental policy* against recommending guardianship for children under the age of 10. Absent contrary statutory language, such a generalized policy is inappropriate. On remand, the trial court shall address whether guardianship is appropriate for [the children] as part of its best-interst determinations without regard to a generalized policy disfavoring guardianship for children under the age of 10. [emphasis added]

Respondent's argument, however, is misplaced because guardianship was never contemplated given that DHHS recommended reunification throughout the majority of the case.

Additionally, there is no indication that DHHS relied on a "generalized policy against guardianships," and the trial court considered the relative placement, the child's age, the child's need for permanency, and that respondent was not actively involved in the child's life when determining whether adoption was in the child's best interests.

Next, respondent argues that DHHS did not make reasonable efforts to reunify him with the child. The record demonstrates, however, that respondent was offered bus tickets and a ride-share card to help him attend his appointments. Respondent did not consistently participate in any drug-testing after testing positive for cocaine and heroin, and he did not consistently attend his parenting-time visits. While DHHS "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

Furthermore, the child was in a loving foster home with her maternal grandmother and her four siblings. She had been in that home for more than two years after being removed from respondent's care. Within that two-year period, respondent did not demonstrate that he could provide the child with permanency and continuity given that he did not consistently engage with his parenting treatment plan or his parenting-time visits with the child. The child's need for permanency, stability, and finality to this case support terminating respondent's parental rights so that she may be adopted by her maternal grandmother. Thus, we are not left with a definite and firm conviction that the trial court made a mistake when terminating respondent's parental rights.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle

-3-