*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re HENDERSON/LINCOLN, Minors.

UNPUBLISHED
August 15, 2019

No. 347576
Branch Circuit Court
Family Division
LC No. 14-005178-NA

Before: GADOLA, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her three minor children under MCL 712A.19b(3)(a)(*ii*) (desertion for 91 days or more); MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist); and MCL 712A.19b(3)(c)(*ii*) (failure to rectify additional conditions). We affirm.

Respondent has five minor children; this case involves the three older children, JH, BL, and EL.[1] From 2014 through 2016, the three older children were removed from respondent's care as a result of her continuing substance abuse; the children were returned to her care in 2016, and the trial court released its jurisdiction over the children in 2017. In November 2017, respondent was admitted to a psychiatric unit after she attempted suicide. She thereafter failed to attend 11 follow-up counseling appointments.

In December 2017, after a domestic dispute with her husband, respondent left JH with the children's maternal grandmother. Respondent then apparently took EL and BL with her to an unknown location; the petition alleged that the agency was unable to locate respondent, EL, and BL for the next 10 days. Thereafter, respondent left EL and BL with the maternal grandmother. At a hearing held January 12, 2018, the trial court found that there was probable cause to authorize a petition, and ordered that respondent comply with random drug screens and

---

[1] The father of the two youngest children was awarded full custody of those children; respondent retained no custodial rights to the two youngest children and they are not the subject of this appeal.

cooperate with the agency. At that time, the three older children continued to live with their maternal grandmother.

At a hearing held one week later, on January 19, 2018, the trial court removed the children from respondent's care in light of testimony that she was not cooperating with the agency, and ordered that the three older children be placed with the maternal grandmother. At the conclusion of a bench trial held April 13, 2018, the trial court found that the allegations of the petition had been demonstrated by a preponderance of the evidence, and assumed jurisdiction of the children.

Thereafter, respondent failed to communicate with the agency or to participate in any services. During much of the time the case was pending before the trial court, respondent could not be located by the agency and refused to report where she was living. The children remained in the care of their grandmother, where respondent visited the children only two times in 13 months. Respondent provided only two drug screens during the pendency of this case, both of which were positive for methamphetamines and amphetamines.

The agency consequently moved to terminate respondent's parental rights to the three children. At the conclusion of the termination hearing, the trial court found that termination was warranted under MCL 712A.19b(3)(a)(*ii*) (desertion for 91 days or more); MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist); and MCL 712A.19b(3)(c)(*ii*) (failure to rectify additional conditions). The trial court further found that termination was in the best interests of the children. Respondent now appeals to this Court. Her sole contention on appeal is that the trial court erred by finding that termination of her parental rights was in the children's best interests without explicitly considering that the children were placed with a relative. We disagree that the trial court failed to consider the children's relative placement.

To terminate parental rights, a trial court must find that at least one statutory ground for termination under MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). Once a statutory ground for termination has been established, the trial court must also find that termination of parental rights is in the child's best interests before it can order the termination of parental rights. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). That termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App at 90. We review for clear error a trial court's finding that termination of parental rights is in a child's best interests. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000), see also MCR 3.977(K).

Factors for consideration when determining the best interests of a child include the child's bond to the parent, the parent's parenting skills, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). Further, when determining the best interests of a child, the trial court may rely upon evidence on the entire record, including evidence establishing the grounds for termination. *In re Trejo*, 462 Mich at 353-354. Because a child's placement with relatives weighs against termination, the fact that a child is living with relatives when the case proceeds to termination is a factor that the trial court is required to explicitly address when determining the child's best interests. *In re Mason*, 486 Mich 142, 164;

782 NW2d 747 (2010); *Schadler*, 315 Mich App at 411. A trial court's failure to explicitly address whether termination is appropriate in light of a child's placement with a relative renders the factual record inadequate to make a best-interest determination. *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012), citing *In re Mason*, 486 Mich at 163-165.

In *Mason*, the appellant-father was incarcerated and making progress toward reunification while his children were placed with a relative, who was supportive of reunification. Our Supreme Court observed that the trial court in *Mason* erred, in part because it "never considered whether respondent could fulfill his duty to provide proper care and custody in the future by voluntarily granting legal custody to his relatives during his remaining term of incarceration." *In re Mason*, 486 Mich at 164. Unlike *Mason*, the trial court in this case neither overlooked nor discounted the fact that respondent had left the children in the care of the maternal grandmother. Shortly before issuing its ruling at the termination hearing, the trial court considered a motion regarding the continued placement of the children with the maternal grandmother that had arisen from a clerical error after an earlier hearing. The trial court corrected the clerical error, specifically stating that the trial court's order continued to be that the children were to be placed with the grandmother. The trial court thus was cognizant of the children's placement with their maternal grandmother when making its best-interest determination. The trial court then balanced the children's well-being in that relative placement against respondent's total lack of progress.

Unlike the father in *Mason*, respondent in this case did nothing more than leave the children with a relative. As the trial court observed, respondent had virtually no contact with the children after leaving them with the grandmother, did not participate in services, had virtually no contact with the agency, and failed to attend most court hearings. In determining the best interests of the children, the trial court found that each child needed permanence and stability, noting that "this court has been involved with mother since 2014. I'm not sure how long [the children] have to wait to find permanence. That's a long time." The trial court concluded that it was not in the children's best interests to continue to try to return them to mother's care, and that the children were adjusting to the placement at their grandmother's home and wanted to stay there. Reviewing the record as a whole, the trial court was cognizant of the children's placement with their grandmother and explicitly balanced the children's needs and the benefits of continuing in that placement against respondent's total failure to participate in their lives in any other respect. A review of the record as a whole establishes that the trial court did not fail to consider the children's relative placement at the time of termination. Further, given respondent's total failure to make any effort to provide the children with a home, the trial court did not clearly err in finding that termination of respondent's parental rights was in the children's best interests despite relative placement.

Affirmed.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Amy Ronayne Krause