*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* M. R. SIVANOV, Minor.

UNPUBLISHED
February 17, 2022

No. 357796
Wayne Circuit Court
Family Division
LC No. 2020-000754-NA

Before: K. F. KELLY, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating his parental rights to his child, MRS, under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or physical or sexual abuse to the child or a sibling of the child), (j) (reasonable likelihood that child will be harmed if returned to parent), and (k)(*ii*) (sexual abuse of the child or a sibling of the child with criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate). On appeal, respondent argues that (1) the trial court erred by finding statutory grounds to terminate his parental rights because petitioner failed to present clear and convincing evidence to meet its burden under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*ii*), and (2) the trial court erred by finding that it was in MRS's best interests to terminate respondent's parental rights. We affirm.

## I. BACKGROUND

The trial court first acquired jurisdiction over MRS following a Department of Health and Human Services (DHHS) petition for permanent custody alleging that respondent had sexually abused MRS's sibling and had a criminal history. Following an evidentiary hearing, the trial court determined that petitioner presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*ii*). The trial court also determined that petitioner established, by a preponderance of the evidence, that termination of respondent's parental rights was in MRS's best interests. This appeal followed.

## II. ANALYSES

Respondent first argues that the trial court clearly erred when it determined that petitioner presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*ii*). We disagree.

-1-

In order to terminate parental rights, a trial court must find that a statutory ground has been established by clear and convincing evidence. *In re MOTA*, 334 Mich App 300, 320; 964 NW2d 881 (2020). The trial court's findings and rulings regarding statutory grounds are reviewed for clear error. *Id.* "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed." *Id.* (citation and quotation marks omitted) (omission in original). Furthermore, "regard [must] be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id.* (citation and quotation marks omitted).

A trial court may terminate parental rights under MCL 712A.19b(3)(b)(*i*) if it finds by clear and convincing evidence that the parent's child or a sibling of the child has suffered physical injury or physical or sexual abuse under circumstances in which "[t]he parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home." MCL 712A.19b(3)(b)(*i*).

We conclude that petitioner presented clear and convincing evidence that MRS and MRS's sibling suffered sexual abuse from respondent's actions. The sibling's uncontradicted testimony established not only a pattern of inappropriate touching, but also numerous, specific instances of sexual assault involving penetration by respondent over a roughly five-year period. Furthermore, while less severe than respondent's actions toward MRS's sibling, there was also evidence from the sibling's testimony that respondent had abused MRS via inappropriate touching. And despite respondent's criticism that the trial court's findings were based almost completely on the sibling's testimony, the trial court determined this testimony to be credible. See *In re HRC*, 286 Mich App 444, 460; 781 NW2d 105 (2009) ("It is not for this Court to displace the trial court's credibility determination.").

We also conclude that petitioner presented clear and convincing evidence that there was a reasonable likelihood that MRS would suffer from injury or abuse in the foreseeable future if he were returned to respondent's care. Critically, "[e]vidence of how a parent treats one child is evidence of how he or she may treat the other children." *In re Hudson*, 294 Mich App 261, 266; 817 NW2d 115 (2011). Though respondent was not the legal or biological father of MRS's sibling, he still held himself in a fatherly role, and his egregious abuse of MRS's sibling is thus indicative of how he may treat MRS in the future. And though no evidence was presented showing that respondent had sexually assaulted MRS on any specific occasion to the same degree as MRS's sibling, the sibling highlighted frequent inappropriate touching between respondent and MRS.

MRS's vulnerability also heightens the risk of future abuse. As the trial court recognized, MRS's intellectual limitations render him unable to report inappropriate conduct, making him an easy target for exploitation. Considering all of this evidence, we conclude that there is a substantial risk that MRS would be subjected to future abuse if respondent's rights were not terminated. Therefore, the trial court did not err when it determined that petitioner presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(b)(i).

Only one statutory ground need be established to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). Therefore,

termination of respondent's parental rights was appropriate based upon MCL 712A.19b(3)(b)(*i*) alone. Nonetheless, we address the additional statutory grounds for termination in turn, recognizing that there exists substantial factual overlap when analyzing these three provisions.

Respondent also argues that the trial court clearly erred when it determined that petitioner presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(j). We disagree.

A trial court may terminate parental rights under MCL 712A.19b(3)(j) if it finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." MCL 712A.19b(3)(j). As previously discussed, petitioner presented clear and convincing evidence that there was a reasonable likelihood that MRS would suffer from injury or abuse in the foreseeable future if MRS were returned to respondent's care. It thus follows that, because any future abuse would certainly be harmful to the child, there is also a reasonable likelihood that MRS would be harmed if returned to respondent's home. Specifically, respondent's prior assaults of MRS's sibling and his inappropriate touching of both children place MRS in harm's way were he to be returned to respondent's custody. This is especially true considering MRS's intellectual limitations and inability to report possible future abuse. Therefore, MCL 712A.19b(3)(j) was sufficiently established by clear and convincing evidence.

Respondent next argues that the trial court clearly erred when it determined that petitioner presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(k)(*ii*). We disagree.

A trial court may terminate parental rights under MCL 712A.19b(3)(k)(ii) if it finds by clear and convincing evidence that "the parent abused the child or a sibling of the child" through "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate" and that "there is a reasonable likelihood that the child will be harmed if returned to the care of the parent." MCL 712A.19b(3)(k)(*ii*). Furthermore, "a parent need not be criminally charged with or convicted of criminal sexual conduct" so long as the requisite act(s) are established by clear and convincing evidence. *In re Schadler*, 315 Mich App 406, 410; 890 NW2d 676 (2016).

As noted, MRS's sibling testified to three specific assaults that respondent committed against her, all of which allegedly involved penetration (though the sibling did not explicitly recall penetration during the second incident, this was a reasonable inference to make considering she woke up to respondent pulling up her pants and noticed white stuff in her underwear). And the trial court found this testimony credible. Additionally, for those reasons mentioned earlier, there is a reasonable likelihood that MRS would be harmed if returned to respondent's care. We thus conclude that MCL 712A.19b(3)(k)(*ii*) was sufficiently established by clear and convincing evidence.

Respondent finally argues that the trial court clearly erred when it concluded that termination of respondent's parental rights was in MRS's best interests. We disagree.

Whether termination of parental rights is in the child's best interests must be established by a preponderance of evidence. *In re MOTA*, 334 Mich App at 320. The trial court's findings

-3-

and ruling that termination is in the child's best interests are reviewed for clear error. *Id.* "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed." *Id.* (citation and quotation marks omitted) (omission in original). Furthermore, "regard [must] be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id.* (citation and quotation marks omitted).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (citation omitted). To determine whether termination of parental rights is in a child's best interests, the court should consider factors including "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id.* (citation and quotation marks omitted). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

Here, the trial court explicitly acknowledged factors weighing against termination, including that MRS was currently safe in placement with his mother and respondent was in custody. But the court nevertheless concluded that termination was in MRS's best interests because of MRS's vulnerability and the potential of future harm. Given respondent's actions toward MRS and MRS's sibling, as well as MRS's cognitive limitations, it was not clearly erroneous to conclude that termination was in MRS's best interests.

And though respondent claims that the trial court erred by failing to consider his home environment, employment, parenting skills, or any substance abuse issues, the trial court is merely obligated to weigh all *available* evidence in evaluating a child's best interests. Respondent was free to testify himself or present witnesses on any of these potentially mitigating factors, but he failed to do so. The trial court thus properly evaluated the evidence that was presented, which mostly consisted of the uncontested testimony of MRS's sibling concerning the abuse perpetrated by respondent. Accordingly, we conclude that the trial court did not clearly err when it determined that termination of respondent's parental rights was in MRS's best interests under MCL 712A.19b(5).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Michael F. Gadola