*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* R. R. CAMPBELL, Minor.

UNPUBLISHED
June 23, 2022

No. 359440
Wayne Circuit Court
Family Division
LC No. 21-000523-NA

Before: MARKEY, P.J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court's order terminating his parental rights to the minor child, RR. The trial court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*) (parent sexually abused the child's sibling), (j) (reasonable likelihood child will be harmed if returned to the parent's home), and (k)(*ii*) (criminal sexual conduct involving penetration committed by parent against the child's sibling). We affirm.

## I. BACKGROUND

This case arises from RR's half-sister, KF, disclosing that respondent had been sexually abusing her for two years, including penile-vaginal penetration. KF was 12-years-old at the time of the disclosure; the record indicates that KF's mother lived with respondent since RR's birth in 2018.

Following the disclosure, the Department of Health and Human Services (DHHS) filed a petition requesting the trial court to assume jurisdiction over RR and terminate respondent's parental rights to her. Respondent pleaded no contest to the allegations in the petition and indicated that he wanted to proceed directly to a best-interests hearing. Respondent stipulated that the medical records of KF's sexual assault exam could serve as the factual basis for the plea. The trial court explained to respondent that a no-contest plea meant that the court would accept all statements in the medical records as true for purposes of the proceedings. Reviewing the records, the court noted "that there's findings of sexual abuse and assault on a 12-year-old and the parties stipulate that the individual who is named in these documents or who is implied in these documents would be [respondent] as the perpetrator." On the basis of KF's medical records, the trial court concluded that there was sufficient evidence to establish jurisdiction under MCL 712A.2(b)(1) and (2), and grounds for termination under MCL 712A.19b(3)(b)(*i*), (j) and (k)(*ii*).

-1-

At the best-interests hearing, the trial court heard testimony from two Children's Protective Services (CPS) workers and RR's mother. These witnesses testified, in part, to the parental bond that existed between respondent and RR. The court found that termination of respondent's parental rights was nonetheless in RR's best interests because there was a substantial risk that respondent could harm her in the future and this risk outweighed RR's interest in maintaining a bond with respondent.

## II. ANALYSIS

On appeal, respondent argues that the trial court clearly erred by determining that termination of his parental rights was in RR's best interests. We disagree.[1]

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). The petitioner must prove by a preponderance of the evidence that termination of parental rights is in the child's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In determining the child's best interests, "the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014 (quotation marks and citations omitted). When reviewing best interests, the focus is on the child, not the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016).

To begin, respondent argues that there was insufficient evidence presented that he sexually abused KF. When respondent made this argument at the best-interests hearing, the trial court explained that because respondent had pleaded no contest to the petition, the court would accept as true the allegations contained in KF's medical records. Respondent does not address this ruling, let alone argue that it was erroneous. See *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019) ("When an appellant fails to address the basis of a trial court's decision, this Court need not even consider granting relief."). Further, respondent stipulated that multiple statutory grounds for termination existed, two of which were predicated on the parent's sexual abuse of the child's sibling. See MCL 712A.19b(3)(b)(*i*) & (k)(*ii*). Under these circumstances, the trial court did not err by accepting the allegations in KF's medical records as true for purposes of determining whether termination was in RR's best interests, which need only be proved by a preponderance of the evidence.

Respondent also argues that the trial court erred by finding that termination was in RR's best interests because there was evidence that he and RR had a strong bond. Respondent is correct that there was evidence suggesting he and RR had a bond. Two CPS workers and RR's mother testified to this effect, and the trial court considered their testimony. Nonetheless, the court

---

[1] We review for clear error a trial court's decision that termination is in a child's best interest. *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). A finding is clearly erroneous if this Court "is left with the definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citations omitted).

concluded that the risk of future harm to RR outweighed the bond between respondent and RR. This was not clear error.

This case is somewhat similar to *In re Mota*, 334 Mich App 300; 964 NW2d 881 (2020), in which the respondent father's parental rights were terminated after he sexually abused his children's half-sibling. We held that the trial court did not clearly err by finding that termination of the respondent's parental rights was in the children's best interests, reasoning in part as follows:

> Although there was only evidence of one act of sexual abuse, it was an especially egregious violation of a child who had looked to respondent for care and protection as a father figure. We cannot conclude that the trial court clearly erred by finding that this single act of sexual abuse that resulted in physical injuries revealed a side of respondent that posed a serious danger to his minor children. With respect to the purported bond between respondent and his children, there was also evidence of a bond between LP and respondent, yet that did not prevent respondent from sexually exploiting and abusing her. The doctrine of anticipatory neglect provides that how a parent treats one child is probative of how that parent may treat other children. *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014). Although the doctrine is not a perfect fit in this case because LP is not respondent's child, respondent had been raising LP for a number of years as if she were his daughter. [*Id*. at 322-323.]

In contrast to *In re Mota*, this case did not involve an isolated act of sexual abuse. Rather, KF's medical records indicate that respondent sexually abused her numerous times over the course of two years. We acknowledge that KF is not biologically related to respondent, and there is no evidence indicating any inappropriate behavior between respondent and RR. But for purposes of this appeal we must assume that respondent repeatedly sexually abused a child that presumably regarded him as a parental figure while living together in the same home. In effect, respondent's abuse of KF "revealed a side of [him] that posed a serious danger to [RR]." See *id*. at 323. Accordingly, the trial court did not clearly err by finding that the parent-child bond was outweighed by the risk that respondent would one day harm RR. RR has a strong interest in growing up in an environment where she is safe from potential victimization.

Affirmed.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Sima G. Patel