*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* P. D. HOWE, Minor.

UNPUBLISHED
October 19, 2023

No. 366425
Wayne Circuit Court
Family Division
LC No. 2022-001968-NA

Before: CAVANAGH, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

Respondent-father appeals as of right the order terminating his parental rights to his minor child, PH. On appeal, respondent challenges only the trial court's best interest findings. Because the court failed to explicitly address PH's relative placement, we vacate the court's best-interest analysis and remand for proceedings consistent with this opinion.

## I. BACKGROUND

In September 2022, Child Protective Services ("CPS") received a complaint alleging respondent sexually abused PH's cousin, KH. In November 2022, CPS received a second complaint, alleging threatened harm of sexual abuse of PH. CPS Specialist, Jennifer Allred, spoke with respondent regarding the allegations. Respondent disclosed he had previously been accused of sexually abusing another minor. Allred also was able to determine respondent did not have stable or suitable housing.

In December 2022, petitioner filed a petition requesting the trial court take jurisdiction over PH under MCL 712A.2(b)(1) and (2) and terminate respondent's parental rights under MCL 712A.19b(3)(g) (failure to provide proper care or custody), (i) (parental rights to one or more siblings of the child have been terminated and parent failed to rectify conditions that lead to prior termination), and (j) (reasonable likelihood child will be harmed if returned to the parent). Petitioner claimed it was contrary to PH's welfare to remain with respondent because of threatened harm of sexual abuse, prior CPS investigations, and prior termination of respondent's parental

rights to two of his other children.[1] The petition alleged respondent had five prior contacts with CPS between 1999 and 2004 for issues related to physical neglect, physical abuse, sexual abuse, mental injury, and failure to protect. One of the claims, made in September 1999, involved allegations that respondent sexually abused a minor child. But the allegations were unsubstantiated because the child was too young to be forensically interviewed.

During the preliminary hearing, Allred affirmed PH was living with her mother, who was able to provide adequate housing, care, and protection for PH. Allred stated it was contrary to PH's welfare to remain with respondent "because he has been substantiated for sexual abuse of a minor and also he had his rights terminated to two prior children." Allred indicated criminal charges were pending against respondent in three jurisdictions for his sexual abuse of KH. On cross-examination, Allred affirmed respondent was previously able to provide an adequate home for himself, PH's mother, and PH. Allred did not witness any interaction between PH and respondent during her investigation. Regarding her recommendation of no visitation, Allred noted there were issues between respondent and PH's mother. Based on respondent's conduct, Allred indicated that supervised Facetime visits between respondent and PH would be appropriate. The trial court authorized the petition, finding it was contrary to PH's welfare to be placed with respondent. The court ordered that PH was to remain in the care of her mother, and suspended visitation between PH and respondent.

At the adjudication and dispositional hearing, respondent pleaded no contest as to jurisdiction and the grounds for termination. The court entered the order of adjudication, accepting respondent's no contest plea and finding grounds for termination exist under MCL 712A.19b(3)(g), (i), and (j). The order restates the dispositional narrative admitted during the adjudication hearing and indicates the trial court "took judicial notice of its order terminating [respondent-]father's rights to two children on 1/29/2007," during a posthearing meeting between the parties and the trial court. The trial court found clear and convincing evidence to support termination because respondent failed to properly care for PH by sexually abusing other children, had prior terminations, and there was a reasonable likelihood PH would be harmed if returned to respondent. The order also referred respondent to the Clinic for Child Study for a best-interest evaluation.

During the best-interest hearing, Sharon Hamilton-Martin, a forensic family clinician, testified that she interviewed respondent and observed him interacting with PH virtually. Hamilton-Martin stated there "did not seem to be a strong relationship" between respondent and PH. Respondent expressed wanting to see PH, and during his interactions with PH, he made several attempts to engage with her. However, "[m]any times it was [PH's mother] that was helping to narrate or suggest ideas to [respondent] as to how to keep [PH] engaged[.]" On cross-examination, Hamilton-Martin admitted PH's reaction to respondent could have been attributed, in part, to her age, the virtual setting, that respondent had not seen PH in about six months, or the overall relationship. Notably, respondent denied the allegations of sexual abuse. Hamilton-Martin

---

[1] After failing to complete services to rectify issues involving unsuitable housing, physical abuse, physical neglect, substance abuse, and untreated mental health issues, respondent's parental rights to his two children, LP and AP, were terminated in January 2007.

believed termination would be in the best interests of PH because of the substantiated allegations against respondent for his sexual abuse of KH and his history of CPS investigations involving sexual abuse.

Allred also testified that it was in PH's best interests to terminate respondent's parental rights based on the substantiation of his sexual abuse of KH and his prior terminations. Allred admitted respondent was able to provide suitable housing for PH and maintain employment before the sexual abuse allegations surfaced. The final witness was CPS worker, Ashley Griffin. Before visitation was suspended, Griffin supervised and facilitated parenting time between respondent and PH, but was unable to assess whether there was a bond between PH and respondent. Griffin believed termination was in PH's best interests because respondent sexually abused KH, and "what happened to one child can happen to another as far as the sexual abuse or any abuse or neglect."

The trial court entered an order finding termination was in PH's best interests because: (1) respondent sexually abused KH; (2) respondent had a history of CPS investigations involving sexual abuse of minors, prior terminations, domestic violation, substance abuse, and criminal convictions; and (3) Hamilton-Martin found respondent controlling, manipulative, "defensive," evasive, had poor insight, denied, minimized and rationalized his actions. This appeal followed.

## II.  BEST INTERESTS

In his sole issue raised on appeal, respondent argues the trial court erred by finding that termination of his parental rights was in PH's best interests. In light of the trial court's failure to address the issue of relative placement, we vacate the trial court's best-interest determination and remand.

### A.  STANDARD OF REVIEW

We review a trial court's decision that termination is in a child's best interests for clear error. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

### B.  ANALYSIS

"If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if it finds from a preponderance of evidence on the whole record that termination is in the children's best interests." *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (cleaned up); see also MCL 712A.19b(5). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (cleaned up). A court may also consider whether it is likely that a child could

be returned to a parent's home "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). Other relevant factors include "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). If a child is in the care of a relative at the time of the termination hearing, the trial court must also explicitly address that factor. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). A "relative" is defined as any "individual who is at least 18 years of age and is . . . [r]elated to the child within the fifth degree by blood, marriage, or adoption[.]" MCL 712A.13a(1)(j)(*i*).[2]

In this case, the trial court's best-interest analysis failed to expressly consider PH's placement with her mother, who is clearly a "relative" as defined by MCL 712A.13a(1)(j)(*i*). Because PH's placement with a relative was a factor that weighed against termination, MCL 712A.19a(8)(a), the trial court was required to explicitly address that factor in its analysis, *Olive/Metts*, 297 Mich App at 43. "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id*. See also *In re Mays*, 490 Mich 993, 994; 807 NW2d 304 (2012).

We conclude that the trial court clearly erred by finding that termination of respondent's parental rights was in PH's best interests without considering her relative placement. Accordingly, we vacate the trial court's best-interest analysis, and remand this case to the trial court for further proceedings to promptly consider the issue of PH's placement with a relative in the context of its best-interest analysis as required by our discussion in *In re Olive/Metts*, 297 Mich App at 43-44.

Vacated in part and remanded for proceedings consistent with this opinion. We retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Sima G. Patel

---

[2] We note effective October 7, 2022, MCL 712A.13a was amended to include biological parents in the definition of "relative." See 2022 PA 200. Before this amendment, biological parents were not included in the definition of relatives and thus trial courts were not required to consider relative placement when children were placed with a nonrespondent parent. See *In re Schadler*, 315 Mich App 406, 412-413; 890 NW2d 676 (2016); 2016 PA 191. During the best-interest hearing, petitioner argued the trial court did not need to consider relative placement because PH was placed with her mother. However, the new definition of "relative" under MCL 712A.13a(1)(j)(*i*) was already in effect when the petition was filed.

# Court of Appeals, State of Michigan

# ORDER

Mark J. Cavanagh
Presiding Judge

In re P D Howe Minor

Michael J. Riordan

Docket No.     366425

LC No.         2022-001968-NA

Sima G. Patel
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the court is to make findings with respect to the relative placement in the context of its overall best-interest analysis. The proceedings on remand are limited to the best-interest analysis, as explained in more detail in the accompanying opinion.

The parties shall promptly file with this Court a copy of all papers filed on remand. The trial court shall complete the proceedings within 63 days after the issuance of the order. Within seven days after entry, respondent shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

We retain jurisdiction.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

October 19, 2023
Date

_____
Chief Clerk