*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RODRIGUEZ/RODRIGUEZ-PEREZ, Minors.

UNPUBLISHED
November 19, 2024
10:33 AM

No. 366841
Wayne Circuit Court
Family Division
LC No. 2020-001052-NA

Before: BORRELLO, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

Respondent appeals by right the order terminating his parental rights to his minor children, KR, LR, and CR, under MCL 712A.19b(3)(a)(*ii*) (parent deserted the child for 91 or more days and has not sought custody during that period), (c)(*i*) (conditions of adjudication continue to exist and are unlikely to be rectified within a reasonable time), (c)(*ii*) (failure to rectify other conditions that warranted jurisdiction), (g) (failure to provide proper care or custody although financially able to do so), and (j) (reasonable likelihood of harm if the child is returned to the parent). On appeal, respondent argues that the trial court clearly erred by finding that termination served the children's best interests under MCL 712A.19b(5). We disagree and therefore affirm.

## I. BACKGROUND

This case arises from the termination of respondent's parental rights to his children, KR, LR, and CR. In November 2020, the Department of Health and Human Services (DHHS) petitioned the trial court to remove the children from respondent's care.[1] DHHS alleged that police found the children residing with respondent in an abandoned home that lacked electricity, running water, and heat. It also alleged that the children had bathed only once in the preceding five-week period, the children lacked access to food within the home, and respondent regularly used

---

[1] DHHS also successfully petitioned the trial court to terminate the parental rights of the children's mother, who was incarcerated at the time and has since been released on parole. The children's mother is not a party to this appeal.

marijuana in the children's presence. After a preliminary hearing, the trial court authorized the petition and removed the children from respondent's care. DHHS then placed the children together in a licensed, nonrelative foster home.

In January 2021, respondent entered a no-contest plea, and the trial court adopted a case service plan for him. The case service plan required that respondent attend weekly parenting time, attend family therapy, complete individual counseling, complete a substance abuse assessment, submit to drug screens, obtain and maintain suitable housing, and obtain and maintain a legal source of income. Between January 2021 and August 2022, respondent failed to make meaningful, consistent progress in his case service plan. In September 2022, DHHS petitioned the trial court to terminate respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (c)(*ii*), (g), and (j). A referee presided over the ensuing termination hearing.

During the termination hearing, a foster care caseworker testified about respondent's compliance with his case service plan, the children's preferences, and the children's wellbeing in foster care. Regarding respondent's compliance with his case service plan, the foster care caseworker explained that respondent was dismissed from family therapy and individual counseling for lack of participation. He failed to complete a substance abuse assessment, failed to complete the vast majority of his drug screens, and tested positive for marijuana in each of the five drug screens he completed. He attended roughly 80% of his scheduled visits with the children, during which he frequently lectured the children, used his cell phone, and smelled of marijuana. He also failed to obtain suitable housing and employment. Regarding the children's preferences and wellbeing in foster care, the foster care caseworker stated that the children each expressed that they loved respondent, they loved their foster mother, and they wished to remain in their foster home. She explained that the children's needs were met in their foster home, and their foster mother wished to adopt them.

For his part, respondent testified that he loved the children and shared a strong bond with them. He stated that he previously obtained employment at a landscaping company but chose to resign because the job interfered with his visitation with the children. He also stated that he had difficulty visiting the children on a consistent basis because he used public transit, which was sometimes unreliable. He also explained that he had consistent difficulty finding a suitable home for the children and requested additional time to do so.

Following the presentation of evidence, the referee found that DHHS established statutory bases to terminate respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (c)(*ii*), (g), and (j).[2] The referee also found that termination served the children's best interests under MCL 712A.19b(5). In June 2023, the trial court adopted the referee's findings and entered an order terminating respondent's parental rights. This appeal followed.

---

[2] The referee also referenced MCL 712A.19b(3)(h) (parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding two years). We presume that the referee did so in relation to the children's mother, who was incarcerated when the proceedings took place.

## II. STANDARD OF REVIEW

"Best interests are determined on the basis of the preponderance of the evidence." *In re LaFrance*, 306 Mich App 713, 733; 858 NW2d 143 (2014). This Court reviews the trial court's determination of best interests for clear error. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). "Appellate courts are obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009).

## III. LAW AND ANALYSIS

Respondent argues that the trial court clearly erred when it found that terminating his parental rights served the children's best interests. We disagree.

"If the court determines that one or more statutory grounds for termination exist and that termination is in the child's best interests, the court must enter an order terminating the respondent's parental rights and order that additional efforts for reunification not be made." *In re Ferranti*, 504 Mich 1, 16; 934 NW2d 610 (2019), citing MCL 712A.19b(5). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court should "focus on the child rather than the parent" when determining whether termination is in the best interests of a child. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). In making a best-interests determination, the trial court may consider factors such as:

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citations omitted).]

The trial court did not clearly err when making its best-interests findings. The record reflects that respondent loves his children and shares a bond with them. Yet it also reflects that terminating respondent's parental rights served the children's best interests. The trial court exercised jurisdiction over the children after police found them residing with respondent in an abandoned home that lacked electricity, running water, and heat. At that time, the children had bathed only once in the preceding five-week period, the children lacked access to food within the home, and respondent regularly used marijuana in the children's presence. The children have resided together in a suitable, licensed foster home since November 2020. Their foster mother wished to adopt them, and each of the children expressed their desire to remain in their foster home rather than return to respondent's care. Critically, the trial court afforded respondent nearly two years to make meaningful, consistent progress in his case service plan, but he failed to do so. He was dismissed from family therapy and individual counseling for lack of participation. He failed

to complete a substance abuse assessment, failed to complete the vast majority of his drug screens, and tested positive for marijuana in each of the five drug screens he completed. He attended roughly 80% of his scheduled visits with the children, during which he frequently lectured the children, used his cell phone, and smelled of marijuana. And perhaps most notably, respondent failed to obtain suitable housing and employment, thereby failing to redress the problem that brought him within the court's jurisdiction in the first place. In light of these circumstances, the trial court did not clearly err by finding that termination served the children's best interests under MCL 712A.19b(5).

We affirm.

/s/ Stephen L. Borrello
/s/ Noah P. Hood
/s/ Adrienne N. Young