*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* E. D. SALAS, Minor.

UNPUBLISHED
August 14, 2025
9:04 AM

No. 374132
Montcalm Circuit Court
Family Division
LC No. 2024-001111-NA

Before: O'BRIEN, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child, ES, under MCL 712A.19b(3)(c)(*i*) (conditions leading to the adjudication continue to exist with no reasonable likelihood of rectification), (3)(g) (failure to provide proper care despite financial ability to do so), and (3)(j) (reasonable likelihood of harm if the child is returned to the respondent's home). We affirm the trial court's reasonable-efforts finding, but vacate the termination order and remand for further proceedings because the trial court failed to consider ES's placement with a relative when deciding whether termination was in ES's best interests.

## I. BACKGROUND

These child-protective proceedings began in January 2024 when the Department of Health and Human Services (DHHS) filed a petition asking the trial court to take jurisdiction over ES. The petition alleged that respondent had previously had her rights to five children terminated due to issues with mental health, domestic violence, and unstable housing and income that prior case service plans had tried to address without success. And respondent, according to the petitioner, continued to struggle with these same issues—the petition alleged that respondent was currently living in a shed on a couple's property, and that couple reported that they had been primarily caring for ES, with respondent "spending approximately 20 minutes a day with" the child. At a later hearing, respondent admitted to the prior terminations, to being homeless, to historically having issues with stable housing, and to dealing with mental health issues. Her counsel conceded that, based on these concessions, the trial court could take jurisdiction. The trial court agreed and accordingly took jurisdiction over ES and placed her in the care and custody of the DHHS.

-1-

The DHHS then provided respondent with a case service plan, as part of which she was referred to numerous services, including a psychological evaluation, counseling, a parenting program, and housing services. The trial court ordered respondent to comply with the service plan and participate in these services.

As the case progressed, respondent unfortunately failed to comply with her case service plan, despite the DHHS's efforts. This led the trial court to order the DHHS to petition for the termination of respondent's parental rights, which it did.

At the ensuing termination hearing, the trial court heard from a caseworker about the DHHS's efforts to reunite respondent with ES and respondent's general noncompliance with her case service plan. During that testimony, the caseworker explained that the DHHS had concerns about respondent's cognitive abilities, so it modified respondent's service plan to address those concerns. The caseworker further explained that the DHHS was not able to create a more-tailored service plan because, to do that, it needed the results of respondent's psychological evaluation, but respondent refused to complete that evaluation. After listening to each side's closing arguments, the trial court found that the DHHS had made reasonable efforts to reunify respondent and ES but that those efforts were unsuccessful. The court further found that petitioner had established by clear and convincing evidence statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (3)(g), and (3)(j), and that termination of respondent's parental rights was in ES's best interests. The court accordingly ordered the termination of respondent's parental rights to ES. This appeal followed.

## II. REASONABLE EFFORTS

Respondent first argues that the trial court erred by finding that the DHHS made reasonable efforts to reunite respondent and ES because the DHHS failed to reasonably accommodate respondent's cognitive disability.

## A. PRESERVATION AND STANDARD OF REVIEW

Respondent never contested the adequacy of the DHHS's efforts in the trial court, so this issue is unpreserved. See *In re Atchley*, 341 Mich App 332, 336; 824 NW2d 685 (2022). Unpreserved issues in termination proceedings are reviewed for plain error affecting substantial rights. *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018).

## B. REASONABLE EFFORTS

The DHHS "has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017), citing MCL 712A.18f(3)(b), (3)(c), and MCL 712A.19a(2). As part of those efforts, the DHHS must create a case service plan "outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *Id*. at 85-86. If the parent has a disability, the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq*. requires the DHHS to make reasonable modifications to the services or programs it offers the disabled parent. *In re Hicks/Brown*, 500 Mich at 86. Absent such modifications, the DHHS fails its duty to make reasonable efforts at reunification. *Id*.

Here, the DHHS was aware of respondent's cognitive disability and took steps to accommodate it. The record establishes that the DHHS regularly reminded respondent of upcoming appointments and parenting times, marked the relevant events on calendars, and provided all explanations in plain language, ensuring that respondent was able to understand. This Court has previously held that similar practices reasonably accommodate a parent with a cognitive disability. See *In re Terry*, 240 Mich App 14, 27; 610 NW2d 563 (2000).

The record also shows that the DHHS intended to further tailor respondent's service plan to accommodate her cognitive disability after receiving the results of her psychological evaluation, but its efforts were stymied by respondent's refusal to complete the evaluation. Accord *In re Hicks/Brown*, 500 Mich at 87 ("The Department, of course, cannot accommodate a disability of which it is unaware."). Respondent was unable to complete her first psychological evaluation due to internet-connectivity issues; she did not reschedule the appointment, prompting the DHHS to schedule an in-person evaluation on her behalf; and while respondent attended this evaluation, she refused to complete it because she felt disrespected by the psychologist and did not believe that the evaluation was necessary. This encapsulates the root of the problem in this case—the DHHS upheld its duty to offer respondent services that reasonably accommodated her cognitive disability, but respondent failed to uphold her commensurate responsibility to comply with the services offered. See *In re Atchley*, 341 Mich App at 339. The trial court therefore did not err, let alone plainly err, when it found that the DHHS made reasonable efforts.[1]

## III. BEST INTERESTS

Respondent next raises a series of challenges to the trial court's best-interest analysis, but we address only one of those arguments in this opinion. Respondent is correct that the trial court failed to consider ES's placement with a relative, which requires us to vacate the trial court's best-interest analysis and the corresponding termination order, and remand for further proceedings.

## A. STANDARD OF REVIEW

A trial court's finding that termination is in a child's best interests is reviewed for clear error. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

## B. ANALYSIS

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The focus of the best-interest analysis is the child, not the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). Determining whether termination is in a child's best interests requires a holistic analysis, as part of which a court can consider things like the child's bond with

---

[1] We also note that respondent does not identify a single service that the DHHS should have offered respondent but did not.

the parents, the parent's parenting ability, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the child's well-being while in the parent's care, and the advantages of the child's foster placement over the parent's home. *In re Rippy*, 330 Mich App 350, 360; 948 NW2d 131 (2019). In general, no one consideration is mandatory.

In *In re Mason*, 486 Mich at 164, however, our Supreme Court explained that "a child's placement with relatives weighs against termination" under MCL 712A.19a(8)(a),[2] and this was "an explicit factor to consider in determining whether termination" was in a child's best interests. Failure to consider to consider this factor, the Court later elaborated, rendered the factual record "inadequate to make a best interests determination." *In re Mays*, 490 Mich 993, 994 (2012). Shortly after *In re Mays*, this Court in *In re Olive/Metts Minors*, 297 Mich App at 43-44, held that a trial court's failure to explicitly consider a child's placement with a relative amounted to clear error requiring vacatur of the lower court's best-interest analysis.

There can be no serious dispute that, at the time of termination, ES was placed with a relative—her aunt. See MCL 712A.13a(1)(j)(*i*) (defining "relative"). The trial court did not consider ES's relative placement on the record when making its best-interest determination, rendering the factual record "inadequate to make a best interests determination," *In re Mays*, 490 Mich at 994, and requiring us to vacate the lower court's best-interest analysis and remand for further proceedings, see *In re Olive/Metts*, 297 Mich App at 43-44.[3]

The trial court's reasonable-efforts finding is affirmed, but its best-interest determination is vacated, and the case is remanded for further consideration of ES's best-interests consistent with this opinion. We retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra
/s/ Randy J. Wallace

---

[2] When *In re Mason* was decided, MCL 712A.19a(8)(a) was located in MCL 712A.19a(6)(a). See 2008 PA 200.

[3] Respondent raises two additional arguments on appeal. First, she contends that the trial court clearly erred when it found by a preponderance of the evidence that termination was in ES's best interests. Second, she argues that the court erred by failing to consider a guardianship as an alternative to terminating respondent's parental rights. Because we are vacating the trial court's best-interest analysis, it would be improper for this Court to address either of these arguments at this time.

-4-

# Court of Appeals, State of Michigan

## ORDER

IN RE E D SALAS MINOR

Docket No. 374132

LC No. 2024-001111-NA

Colleen A. O'Brien
Presiding Judge

Mark T. Boonstra

Randy J. Wallace
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 28 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, this case is remanded to the trial court for further proceedings as the court failed to consider ES's placement with a relative when making its best-interest determination.The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

_Colleen A. O'Brien_
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

August 14, 2025
Date

Chief Clerk